## FEIKE v. BATCHELDER.

No. 3780.   Opinion Filed July 28, 1914.

(142 Pac. 301.)

**MONEY RECEIVED—Evidence.** The evidence has been examined and found sufficient to support a verdict rendered by the jury.

(Syllabus by Brewer, C.)

*Error from County Court, Greer County;*
*Jarret Todd, Judge.*

Action by S. Batchelder against F. B. Feike. Judgment for plaintiff, and defendant brings error. Affirmed.

*A. R. Garrett,* for plaintiff in error.

*B. F. Van Dyke,* for defendant in error.

Opinion by BREWER, C.   S. Batchelder, as plaintiff below, filed this suit against F. B. Feike in a justice of the peace court to recover $125 as per money had and received for plaintiff's

use. The bill of particulars is not very formal, but we think that plaintiff's claim may be fairly said to be in substance as follows: The defendant Feike came to plaintiff and represented he was drilling a well for the purpose of prospecting for oil and gas and had reached a point of about 500 feet and run out of money. That he wanted to proceed with the drilling for another 500 feet, and that plaintiff gave the defendant a check for $125, with the distinct understanding that it was to be placed in bank and to be used only in case other persons furnished money to the amount of $1,000, and then only for the purpose of paying for the drilling of that particular hole in a search for oil, and that defendant had not done any of these things; that is to say, he had not raised the $1,000, had not drilled the well further down, but had used plaintiff's money for his own private and individual purposes. Upon the other hand, the defendant claimed in his supplemental answer that the plaintiff gave him the $125 as a full purchase price of $500 worth of stock in an oil corporation that was drilling the well, and that the transaction was therefore a corporate one and not an individual transaction as claimed by plaintiff. Considerable evidence was introduced, tending upon the one hand to prove plaintiff's contention and upon the other to prove defendant's contention. After hearing it all and being instructed by the court, the jury adopted plaintiff's theory of the transaction as the correct one, and returned a verdict in his favor for the full sum demanded.

The court instructed the jury upon both theories of the case, and in effect said to the jury that, if they believed from the evidence that plaintiff paid $125 to defendant as an investment in the stock of a corporation which defendant was representing, he could not recover, and they would return a verdict for the defendant. No exceptions were taken to the general charge of the court, and, while it is not as clear as it might be, we think it stated with reasonable fairness the issues to be decided and the law applicable to the same. The evidence was very conflicting, and the jury might very well have found either way, and, as we view the case, this court would not have been authorized to reverse a verdict on this evidence, had it been found for the de-

fendant, and no more are we authorized to reverse the one actually found for plaintiff. However, if we had the right to weigh this evidence, we do not mind saying that, in our judgment, it preponderates in plaintiff's favor. The evidence justified the jury in believing, as they evidently did, that defendant got this money for a specific purpose; that it was to be held and not used until a further specific sum was raised, and then to be used only for a specific purpose; and that defendant did not raise the sum it was agreed that he should, and did not use the money for the purpose intended, but used it for his own private gain, and thereby violated his agreement in such case to return it to plaintiff.

Two or three points are discussed in the brief which we do not think need, specially, treatment at our hands, as it is evident that the hope of reversal was based on the claim that the evidence of plaintiff was not sufficient to support the verdict; it unquestionably is, and the cause should therefore be affirmed.

By the Court: It is so ordered.